GEORGE ROGISICH, APPELLANT, v. UNION DRYDOCK AND REPAIR COMPANY, A CORPORATION, RESPONDENT.

Argued October 23, 1929—Decided May 19, 1930.

On appeal from the Supreme Court, in which Judge Ackerson filed the following opinion:

"The complaint herein alleges that on December 9th, 1925, the plaintiff, while employed by the defendant as a ship carpenter in repairing a certain vessel in or moored to the drydock of the defendant company in the navigable waters of the Hudson river at the foot of Clifton road, township of Weehawken, Hudson county, New Jersey, was injured through the negligence of the defendant company. The defendant moves to strike out this complaint upon the ground that the cause of action as alleged is a maritime tort, arising out of the relation of master and servant, and that, therefore, the courts of admiralty have exclusive jurisdiction, and this court is without jurisdiction to hear and determine the matter.

"It may be considered as settled in this state, that since the enactment of our "Workmen's Compensation act," an employe injured as a result of a maritime tort arising out of the negligence of his employer, cannot sue in our state courts unless he brings himself within the selected class designated as "seamen" in the so-called "Jones act," found in section 20 of the Merchant Marine act of March 4th, 1915, as amended by section 33 of the act of 1920 (46 *U. S. C. A.*, § 688; *U. S. Comp. Stat.*, § 8337a), which provides, *inter alia,* as follows:

" 'That any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employes shall apply, &c.' *Bockhop* v. *Phoenix Transit Co.*, 97 *N. J. L.* 514; *March* v. *Vulcan Iron Works*, 102 *Id.* 337; *Davey* v. *Delaware, Lackawanna and Western Railroad Co.*, 105 *Id.* 178; *International Stevedoring Co.* v. *Haverty*, 272 *U. S.* 50; *Tuccillo* v. *John T. Clark & Son*, 104 *N. J. L.* 122.

"The plaintiff at the argument of this motion very properly conceded that the cause of action alleged in the complaint is a maritime tort, and, therefore, agreed that the only question to be determined is whether the plaintiff, who, at the time he was injured, was a ship carpenter working for a drydock company repairing a vessel on navigable waters, could be classed as a 'seaman' so as to come within the provisions of the above-quoted act, thereby giving this court jurisdiction of his cause of action.

"In *International Stevedoring Co.* v. *Haverty, supra,* a stevedore, while working for an independent company unloading a ship, was held to be a 'seaman' within the purview of the Seamen's act, but the decision was put upon the nature and characteristics of his employment. The court in the course of the opinion said:

" 'It is true that for most purposes, as the word is commonly used, stevedores are not "seamen." But words are flexible. The work upon which the plaintiff was engaged was a maritime service formerly rendered by the ship's crew, * * * we cannot believe that congress willingly would have allowed protection to men engaged upon the same maritime duties to vary with the accident of their being employed by a stevedore rather than by the ship.'

"It was because the plaintiff in that case was doing as a stevedore the work which was formerly done by the seamen on the ship that he was declared within the class protected by the Seamen's act.

"The last mentioned case was followed by our Court of Errors and Appeals in the case of *Tuccillo* v. *John T. Clark & Son, supra,* where the plaintiff was also a stevedore, and the court draws the clear distinction between a stevedore, who did the class of work formerly performed by members of the ship's crew, and a mechanic, such as the foreman of a boiler shop, as in *March* v. *Vulcan Iron Works, supra,* a painter as in *Bockhop* v. *Phoenix Transit Co., supra,* and a pipefitter as in *Davey* v. *Delaware, Lackawanna and Western Railroad Co., supra.* In the case of such mechanics they were performing work not ordinarily done by a seaman, and they were not members of the ship's crew, and were not, therefore, classed as seamen.

"From time immemorial ships have been put out of service either in a shipyard or a drydock to undergo repairs, and invariably this work has been done by a gang of specially trained mechanics and not by members of the ship's crew whose services are usually performed while the ship is in commission, and it was to protect this latter class that the so-called 'Jones act' was enacted.

"The plaintiff here relies upon the following cases to support his contention that he was a seaman within the protection of the last mentioned act. *Messel* v. *Foundation Co.,* 47 *Sup. Ct. Rep.* 695; *Tuccillo* v. *John T. Clark & Son, supra; Kuhlman* v. *W. & A. Fletcher Co.,* 20 *Fed. Rep.* (*2d ed.*) 465.

"The first two of these cases were dealt with by our Court of Errors and Appeals in *Davey* v. *Delaware, Lackawanna and Western Railroad Co., supra,* where the plaintiff, a pipefitter, was negligently injured while working in repairing a vessel in or near a repair yard on navigable waters, and Mr. Justice Katzenbach, in the course of an able opinion satisfactorily distinguished the case of *Messel* v. *Foundation Co., supra,* by showing that under the laws of Louisiana, where the cause of action arose, there could still be a recovery by an employe for a maritime tort as against his master as at common law in the state court, which, of course, could not be done here. Further, in dealing with the case of *Tuccillo*

v. *John T. Clark & Son, supra,* the court said the, right of the plaintiff, to maintain his action in the Supreme Court of New Jersey rested entirely upon his being a stevedore, thereby bringing him within the class designated as 'seamen' in the Jones act.

"The case of *Kuhlman* v. *W. & A. Fletcher Co., supra,* was decided by the United States Court of Appeals for this district. The matter was appealed upon two rulings of the District Court judge, who refused to allow the action to be transferred from the law to the admiralty side of the court in which he was sustained. He also nonsuited the plaintiff on the ground that there was no diversity of citizenship in which the Circuit Court of Appeals held there was error under certain provisions of the Seamen's act. In the course of the opinion rendered in June, 1927, the court did class the plaintiff, who was a ship's carpenter engaged when injured in repairing a steamship at a dock on navigable waters as a seaman, but I cannot consider this court bound by the decision in the face of the clear and explicit pronouncement of our Court of Errors and Appeals in the case of *Davey* v. *Delaware, Lackawanna and Western Railroad Co., supra,* decided almost a year and four months later, that a pipefitter who was injured while engaged in repairing a vessel for his master, on navigable waters, had no right to maintain a cause of action for such maritime tort in our Supreme Court, but must pursue his remedy in admiralty. In the course of the opinion in this case the court, after referring to the case of *March* v. *Vulcan Iron Works, supra,* said:

" 'Later the case of *Tuccillo* v. *John T. Clark & Son,* 104 *N. J. L.* 122, was decided in this court. The right of the plaintiff to maintain his action was upheld. The opinion, however, expressly states that it rests upon the plaintiff being a stevedore. A stevedore is under the decision of the federal courts held to be a seaman. To seamen a remedy is given by the Seamen's act in either the admiralty or state courts. This case, because of these special features, has no bearing upon the case under review.'

"This shows clearly that the court did not consider a pipefitter a seaman, but regarded him as a mechanic not protected

by the Seamen's act. Surely a carpenter employed by a dry-dock concern to repair a vessel brought by its owner to such a place for repair, is as much a mechanic as a pipefitter, and, by the same token comes no nearer being a seaman than a pipefitter.

"Furthermore, the plaintiff in the case of *Davey* v. *Delaware, Lackawanna and Western Railroad Co., supra,* applied to the Supreme Court of the United States for a *certiorari* relying particularly on the case of *Messel* v. *Foundation Co., supra,* and the application was denied.

"It may be that the United States Supreme Court will eventually, in the spirit of liberal construction exemplified in the case of *International Stevedoring Co.* v. *Haverty, supra,* extend the so-called Seamen's act to cover mechanics of the class represented by the plaintiff in the case *sub judice,* but until a pronouncement to that effect, we are bound by the ruling of our Court of Errors and Appeals in the case of *Davey* v. *Delaware, Lackawanna and Western Railroad Co., supra,* which is considered to be directly in point and dispositive of the question here raised adversely to the plaintiff's contention.

"The motion to strike out the plaintiff's complaint is therefore granted upon the ground that this court is without jurisdiction to entertain the cause of action therein set forth."

For the appellant, *Lichtenstein, Schwartz & Friedenberg.*

For the respondent, *Lindabury, Depue & Faulks.*

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion delivered by Judge Ackerson in the Supreme Court.

*For reversal*—None.